By the Court.
 

 In this case, Harry J. McCue was sued by the Gehring Company in the court of common pleas of Cuyahoga county for damages, upon the ground of unfair competition. The petition alleged, in substance, that McCue, during the month of September, 1924, and before and after such date, had mailed to various customers of the Gehring Company communications falsely charging the Gehring Company with infringement of a patent upon a vending machine for the dispensing of beverages, at that time manufactured and sold by McCue. In McCue’s answer, the sending of such letters was admitted, but the answer contained a general denial of all other allegations in the petition. McCue also filed a cross-petition against the Gehring Company for unfair competition in the manufacture of a vending machine for the dispensing of beverages. The material allegations of this cross-petition were denied by the Gehring Company. The bankruptcy of
 
 *54
 
 the Gehring Company intervening, Hugh Wells, trustee, was substituted as a party in the suit.
 

 During the trial testimony was given to the effect that a suit which had been instituted by McCue against the Gehring Company in the United States District Court for the Northern District of Ohio, Eastern Division, upon the ground of patent infringement, growing out of the same subject-matter as the alleged unfair competition in the action herein, which suit had been filed prior to the filing of this action, had been dismissed without prejudice upon January 20, 1925. This suit in the federal court had been dismissed upon the ground that at that time the Gehring Company was no longer manufacturing and did not intend any longer to manufacture the beverage dispenser alleged by McCue in the federal court to constitute a patent infringement. The jury found for the plaintiff, the Gehring Company. Judgment was rendered upon this verdict, and the Court of Appeals affirmed the judgment.
 

 Upon the trial in the court of common pleas, the court charged the jury that “there is now no claim made that the Gehring apparatus was an infringement on the patents covered by the Humphrey plan.” This constituted reversible error. It is true that the cross-petition of McCue in the state court did not charge an infringement of patent. However, McCue’s answer did deny the allegation of the Gehring Company’s petition that the charge of infringement embodied in the letters of September, 1924,. was false. Now the testimony showed that at the time of mailing the letters in question, the Gehring Company had been manufacturing a dis
 
 *55
 
 penser under the so-called “Polar Spray” patent. It was conceded that the Gehring Company later manufactured another and entirely different apparatus for beverage dispensing. While the record shows that upon the dismissal of the action in the federal court, January 20, 1925, McCue’s counsel admitted that the Gehring Company was no longer manufacturing under the “Polar Spray” patent, which dispenser they still claimed infringed the patent in question, the record also shows that it was at no time admitted that at the time of sending the letters in question, which are the gist of the action herein, namely, in September, 1924, the Gehring Company was not manufacturing a beverage dispenser which did constitute an infringement cf McCue’s patent. So far as McCue’s claim for damages against the Gehring Company was concerned, he did not in his cross-petition charge a present infringement. McCue did not, however, withdraw ins answer, which denied that the charge of infringement made by him while the Gehring Company was still manufacturing under the “Polar Spray” patent was false. He was entitled to go to the jury upon that issue. The judgment will therefore be reversed and the cause remanded.
 

 Judgment reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Bobinson, Jones, Matthias, Day and Allen, JJ., concur.